## Case No. 16,575.

UNITED STATES v. TWO BARRELS.

[6 Int. Rev. Rec. 44; 14 Pittsb. Leg. J. 529.] District Court, D. Wisconsin. 1867.

DISTILLER'S LICENSE—WHEN NECESSARY—MANUFACTURE OF VINEGAR.

[One who, in order to manufacture vinegar, makes a mash, such as is used for the production of spirits, boils the same in a still, from which the vapors pass into a tub containing water, in which the vapor is condensed, until a fluid containing 5 to 7 per cent. of spirits is obtained, and who does not use machinery capable of producing a higher per cent. of spirits, is not bound to take out a distiller's license.]

John D. B. Cogswell. U. S. Dist. Atty. Smith & Solomon, for claimant.

MILLER, District Judge. The information propounds that the collector of internal revenue seized two barrels containing distilled spirits, for the cause that the owner and superintendent of a still, boiler, and other vessels, used in the distillation of spirits, neglected to make true and exact entries and reports as required by law. A claim and answer being put in, the following agreed statement of facts was submitted. The two barrels were seized on the premises of the claimant, used by him as a vinegar factory, where the contents of said barrels were produced by him in the ordinary course of manufacturing, and for the purpose of making vinegar. In order to manufacture vinegar, he makes a mash such as is ordinarily made by distillers for the production of spirits. This mash is put into a still and boiled. The vapor arising from such boiling, passes through a pipe into a tub, partially filled with water or a mixture of vinegar and water, thus condensing the vapor until a fluid is obtained, containing from five to seven per cent. of spirits. The fluid so produced is then used for the manufacture of vinegar, and can be used for no other purpose; and especially not for the purpose of producing spirits, without the process of redistillation. In the ordinary production and manufacture of spirits by distilers for sale, the vapor produced by the boiling of the mash is carried through a doubler and worm, in order to condense the same. The claimant does not use a doubler or worm,

and consequently he cannot by the machinery used by him, produce spirits of a higher degree than from five to seven per cent., not even if he should redistill the fluid produced and contained in the said two barrels hereby seized. The fluid in one of the barrels was produced by condensation of the vapor in water only, that of the other by condensation in a mixture of water and vinegar. The spirits sold in the market always contain more than fifty, usually about seventy-five per cent. A fluid containing less than thirty per cent. is not a commercial article. The claimant has not applied for or taken out a distiller's license.

This information is brought under section 25 of the act approved March 2, 1867 [14 Stat. 483], and by section 16 of that act, every person who distills or manufactures spirits or alcohol, or who brews or makes a mash, wort or wash, for distillation in the production of spirits, shall be deemed a distiller, and the making or keeping by any person of grain, mash, wash, wort or beer, prepared or fit for distillation, together with possession by such person of a still or other apparatus capable of use for distilling upon the same premises, shall be deemed and taken as presumptive evidence that such person is a distiller. So far as concerns the use of mash and a still in the same premises, claimant is within the statute definition of a distiller. But an article is not produced and cannot be produced, even by redistillation, entitled to the name or description of distilled spirits. The doubler and worm necessary to the production of a merchantable article, are not used. The still is used in the manufacture of vinegar, an article free of duty or tax, and not for the production of a dutiable article. The intention and object of the law should enter into its construction. Distilled spirits are taxed as an article of luxury; vinegar, being an article of necessity, is free.

Congress is presumed to know the ordinary process of producing this free article, and might have imposed a tax on stills used in its manufacture. It is well known that a sufficient amount of alcohol for the manufacture of vinegar can be produced without the use of a still, but by a slower process. The process of creating the five or seven per cent. of alcohol by claimant, is not distillation of spirits, which is the evaporation and subsequent condensation of a liquid by means of an alembic or still and refrigerator, or a retort and receiver. In this case there is merely an absorption of the vapor in water, or in water and vinegar. The final product is vinegar, and in no sense spirits. The resolution approved February 5, 1867, that all products of distillation, by whatever name known, which contain distilled spirits or alcohol, on which the tax imposed by law has not been paid, be considered and taxed as distilled spirits, has no application to this case. The vapor produced by means of the still enters into and becomes a component part of an article free of duty or tax. It is not a product of distillation of the character of distilled spirits. It is contended that the still, being used for the purpose of distilling in the building where vinegar and other articles mentioned are manufactured, is within the prohibitions of section 25 of the act of July 13, 1866 [14 Stat. 154]. But I do not so consider it. The keeping of a still, boiler, or other vessel, for the purpose of distilling, in the building where vinegar and other articles mentioned are manufactured, is denounced under the penalty of the forfeiture of such stills, boilers, or other vessels, so used, and all the spirits, is an explanation of the section of the act in regard to this case. Here the still is not used for the purposes of distilling spirits as above shown, and the article manufactured or in process of manufacture, is not distilled spirits and not to be forfeited as such. The process of making vinegar does not come within that section.

It is further contended, in support of this information, that the claimant having possession of a still, may distill spirits in violation of the laws. While the establishment is open to the visitation of vigilant officers, and the sole business of making vinegar is carried on without suspicion, the argument that there might be a possible violation of the law is not sufficient to authorize condemnation in advance of the commission of a statutory offense. The information must be dismissed.